IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DISTRICT

In re:

**CITY OF PRICHARD, ALABAMA**

    Debtor

| | |
|---|---|
| **OFFICIAL COMMITTEE OF UNSECURED CREDITORS,** | ) ) ) |
|     Appellant, | ) ) |
| v. | )    **MISC. ACTION NO. 10-MC-00012-KD** ) |
| **CITY OF PRICHARD, ALABAMA,** | ) ) |
|     Debtor/Appellee. | ) |

## ORDER

This miscellaneous action is now before Court on the motion for leave to appeal filed by the Official Committee of Unsecured Creditors (the Committee) (doc. 1, p. 13- 16) and the answer in opposition filed by the City of Prichard, Alabama (the City) (doc. 26-31). Upon consideration and for the reasons set forth herein, the motion for leave to appeal is **DENIED.**

    I.  Procedural background

In October 2009, the City filed for bankruptcy protection pursuant to Chapter Nine. In December 2009, an order appointing the Committee was entered and subsequent thereto, the Committee filed an application to employ counsel and for counsel's fees and expenses to be paid by the City. In March 2010, the Bankruptcy Court, granted in part and denied in part, the Committee's application. The Committee filed its notice of appeal, amended notice of appeal, and motion for leave to appeal (doc. 1, p. 13-16, 18-21, 22-25). The City filed its answer in opposition to the motion (doc. 1, p. 26-32). The Committee then filed the pending motion for

leave to appeal (doc. 1, p. 13-16).

II. The Order of the Bankruptcy Court

On March 10, 2010, U.S. Bankruptcy Judge William S. Shulman entered an order, granting in part and denying in part, the application to employ counsel for the Official Committee of Unsecured Creditors (doc. 1, p. 21, Exhibit A to the Notice of Appeal). The Order sets forth in its entirety as follows:

> This matter came on for hearing on the application to employ (retain) McDowell Knight Roedder & Sledge, L.L.C. as counsel to the Official Committee of Unsecured Creditors. On January 5, 2010, the Court granted in part the application seeking to employ McDowell Knight Roedder & Sledge, L.L.C. The remaining issue was whether the Official Committee of Unsecured Creditors could be compensated for its counsel's work and reimbursed for its expenses by the City of Prichard. The Court has jurisdiction to hear this matter pursuant to 28 U.S.C. § § 157 and 1334 and the Order of Reference of the District Court. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The Court made findings of fact and conclusions of law on the record which are incorporated herein by reference. Therefore, it is hereby
>
> ORDERED that the application to employ (retain) McDowell Knight Roedder & Sledge, L.L.C. is GRANTED as to employing McDowell Knight Roedder & Sledge, L.L.C., as counsel to the Official Committee of Unsecured Creditors, and is DENIED as to allowing the Official Committee of Unsecured Creditors to be compensated for its counsel's work and reimbursed for its expenses by the City of Prichard.

(Doc. 1, p. 21).

III. Standard of review

The Committee filed its amended notice of appeal pursuant to 28 U.S.C. § 158(a) and Fed. R. Bankr. P. 8001(b).[1] (doc. 1, p. 22). Pursuant to § 158(a), this Court has jurisdiction to

---

[1] "An appeal from an interlocutory judgment, order, or decree of a bankruptcy judge as permitted by 28 U.S.C. § 158(a)(3) shall be taken by filing a notice of appeal, as prescribed in subdivision (a) of this rule, accompanied by a motion for leave to appeal prepared in accordance with Rule 8003 and with proof of service in accordance with Rule 8008." Fed. R. Bankr. P.

hear appeals "with leave of court, from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title.". Because leave of court must be obtained, § 158(a) gives the district courts discretion to decide whether to allow an appeal from an interlocutory order entered in a pending bankruptcy proceeding. In re Seminole Walls & Ceilings Corp., 388 B.R. 386, 390 (M.D. Fla. 2008).

> The Eleventh Circuit has explained that
>
> The district court in a bankruptcy appeal functions as an appellate court in reviewing the bankruptcy court's decision. Equitable Life Assurance Soc'y v. Sublett, 895 F.2d 1381, 1383-84 (11th Cir.1990). District courts may grant leave to hear appeals of interlocutory orders entered by a bankruptcy judge. See 28 U.S.C. § 158(a). "Because [28 U.S.C. § 158(a) ] does not provide the district court any criteria for determining whether to exercise their discretionary authority to grant leave to appeal, the court[s] look[ ] to 28 U.S.C. § 1292(b) which governs discretionary interlocutory appeals from district courts to the court of appeals." In re Charter Co., 778 F.2d 617, 620 n. 5 (11th Cir.1985). In order to obtain leave to proceed under 28 U.S.C. § 1292(b), a party must demonstrate that: (1) the order presents a controlling question of law; (2) over which there is a substantial ground for difference of opinion among courts; and (3) the immediate resolution of the issue would materially advance the ultimate termination of the litigation. See 28 U.S.C. § 1292(b).

Laurent v. Herkert, 196 Fed.Appx. 771, 772 (11th Cir. 2006).

This Court has explained the reasoning behind restrained application of § 1292(b) to a motion for leave to appeal in a bankruptcy as follows:

> As a threshold matter, the Eleventh Circuit has characterized § 1292(b) interlocutory appeals as a rare exception to the premise that the great bulk of appellate review must be conducted after final judgment. Because permitting piecemeal appeals is bad policy, permitting liberal use of § 1292(b) interlocutory appeals is bad policy.

In re Tate, 2010 WL 923630, *3 (S.D. Ala. March 9, 2010).

---

8001(b).

IV. <u>Analysis</u>

The Committee argues that the "sole issue on appeal" is whether its professional fees and expenses (administrative expenses) should be paid by the City and seeks an order reversing Judge Shulman's decision to the contrary (doc. 1, p. 14).[2] The Committee argues that leave to appeal should be granted because "[t]here is very little case law on the issue" of whether a Chapter 9 debtor must pay the administrative expenses of the Unsecured Creditors Committee and because the case law in support of both parties' respective positions is not binding in the Eleventh Circuit (<u>Id</u>.). The Committee also argues that important policy implications are at issue: the ability of an unsecured creditors' committee to obtain compensation for professional fees and expenses in a Chapter 9 bankruptcy. (<u>Id</u>.)

The City responds that the motion should be denied because there is no "controlling question of law" since an award of professional fees and expenses is tangential to the core issue of the City's ability to formulate and confirm a plan of reorganization. The City also asserts that there is no "substantial ground for difference of opinion" because the case law indicates that the Bankruptcy Court has broad discretion to determine whether to award fees subject to an abuse of discretion standard.[3] The City notes that there is no binding case law, statute, or rule which requires a Chapter 9 debtor to pay the Committee's professional fees and expenses. The City

---

[2] As to the merits of the Committee's argument that the City should pay the attorneys' fees and expense incurred, it adopts by reference its brief in response to the City's objection (doc. 78, <u>In re City of Prichard, Alabama</u>, Bankruptcy Case No. 09-15000, United States Bankruptcy Court, Southern District of Alabama).

[3] The City asserts that because the Bankruptcy Court properly applied the rules relating to professional fees and expenses in a Chapter 9 proceeding, it did not act arbitrarily or capriciously such that would merit an interlocutory appeal.

4

also argues that an immediate appeal of this professional compensation issue will not "materially advance the ultimate termination of the litigation", i.e., the reorganization and discharge of the City.

First, there appears to be an issue of controlling law for which there is substantial ground for difference of opinion among the courts. As the City explained, certain code sections which allow the Bankruptcy Court to determine whether to award professional fees and expenses were not incorporated into Chapter 9, which governs municipal bankruptcies. Specifically, the tension appears to arise because § 901 sets forth specific code sections which apply in Chapter 9, however, the operative provision in this case 11 U.S.C. § 330(a)(1) is not listed. In addressing the application of § 330, some courts have reasoned that because § 330(a) is referenced in sections which are listed in § 901, § 330(a)(1) applies in Chapter 9 proceedings. See In re Castle Pines North Metropolitan District, 129 B.R. 233, 234-235 (Bankr. D. Colo. 1991). Other courts have reasoned that since § 330(a) was not specifically listed, it does not apply. Cf. In re County of Orange, 241 B.R. 212, 216 (Bankr. C.D. Cal. 1999) ("The pending bankruptcy case is under chapter 9 . . . Section 103(e) of the Bankruptcy Code provides that, "[e]xcept as provided in section 901 of this title, only chapters 1 and 9 of this title apply in a case under such chapter 9." Section 901 lists a number of sections which apply to chapter 9 cases, including several sections in chapter 3, but § 330 from chapter 3 is not among them. Because the statute excludes § 330 from the list of statutes applicable to chapter 9 cases, it does not apply here."); In re East Shoshone Hosp. Dist., 226 B.R. 430, 431 (Bkrtcy.D.Idaho,1998) ("One of the important reasons for obtaining court approval of the proposed employment of professionals is to insure that those professionals may be later compensated under §§ 328, 330 and 331. While the issue of approval

5

of compensation is not yet before the Court, it is noted that §§ 328, 330 and 331-like § 327- [are] not incorporated in chapter 9 under § 901.") (Footnote two - "I therefore respectfully disagree with that portion of In re Castle Pines [] which, to me, parses § 901(b) too finely in order to bring § 330 within § 901(a). Accord, In the Matter of Sanitary & Improvement Dist. No. 7 of Lancaster County, Nebraska, 96 B.R. 966 (Bankr.D.Neb.1989).").

However, all that being said on the first two elements of § 1292(b), the Committee does not offer any argument that a resolution of this attorney compensation issue would "materially advance the ultimate termination of the litigation"; the third element under § 1292(b). OFS Fitel, LLC v. Epstein, Becker and Green, P.C., 549 F.3d 1344, 1358-1359 (11th Cir. 2008) ("... to obtain § 1292(b) certification, the litigant must show not only that an immediate appeal will advance the termination of the litigation but also that the appeal involves 'a controlling question of law as to which there is substantial ground for difference of opinion.'").

The City argues that appealing the decision of the Bankruptcy Court on the issue of professional fees does not advance the ultimate termination of the litigation, i.e., the reorganization and discharge of the City. The Court is inclined to agree and absent any argument from the Committee, finds that the Committee has failed to meet its burden of establishing the third element necessary to support this Court's exercise of appellate jurisdiction.

Overall, the exceptional or extraordinary circumstances under which courts have granted leave to file an interlocutory appeal are not present. Cf. In re Trans-Industries, Inc, 2010 WL 727971 (Bankr. E.D. Mich. 2010) (slip copy) (recognizing a split of authority and finding that a determination in advance as to whether a jury trial is permitted would materially advance the litigation); In re C.W. Mining Co., 2009 WL 4894278, *3 n.23 (10th Cir. BAP 2009) (slip copy)

(unpublished opinion) (finding that immediate resolution of an order finding contempt and imposing sanctions for violation of the automatic stay would materially advance the ultimate termination of the litigation.); Stowe Potato Sales, Inc. v. Terry's, Inc., 224 B.R. 329 (W.D. Va. 1998) (perishable goods); United States v. Air Florida, Inc., 48 B.R. 749 (S.D. Fla. 1984) (addressing the prosecution of a debtor).

V. Conclusion

Accordingly, for the reasons set forth herein, and because the Eleventh Circuit guides this Court to grant interlocutory appeals only upon a finding that all of the elements of § 1292(b) have been met and thus constrain the use of § 1292(b) to only those exceptional circumstances where an interim order is necessary, the Committee's motion for leave to bring an interlocutory appeal (doc. 1) is **DENIED**.

**DONE** and **ORDERED** this June 9, 2010.

s/ Kristi K. DuBose  
**KRISTI K. DuBOSE**  
**UNITED STATES DISTRICT JUDGE**